UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 14      3854**

----------------------------------------------------------------X

KAREN A. EADDY,

       Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHELLE FELDMAN TAX REG # 938231
AND OTHER UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY

       Defendants

----------------------------------------------------------------X

Civil Action No.:_____ **ROSS, J.**

**COMPLAINT**

**ORENSTEIN, M.J.**

**JURY TRIAL DEMAND**

Plaintiff by her attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

1. This is a civil action against the City of New York, **POLICE OFFICER MICHELLE FELDMAN TAX REG# 938231, AND OTHER UNKNOWN UNIDENTIFIED NEW YORKCITY POLICE OFFICERS,** to redress the deprivation, under color of state law, of plaintiffs' rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, unlawful imprisonment, abuse of process and violations of police and public duties and obligations.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiffs further

invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3.　　These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## VENUE

4.　　Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

## PARTIES

5.　　That the plaintiff, **KAREN EADDY**, is a New York State resident.

6.　　At all times hereinafter mentioned, the defendant **CITY OF NEW YORK** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants, **POLICE OFFICER MICHELLE FELDMAN TAX REG # 938231,** and other unidentified New York City Police Officers were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

7.　　That at all times hereinafter mentioned, the individual defendant(s) Officers **MICHELLE FELDMAN** and other unidentified Police Officers, were employed by the defendant, **CITY OF NEW YORK**, and were duly sworn police officers of said department (NYPD) and members of its police department and were acting under the supervision of said department and according to their official duties.

8.　　That at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, including all the police officers thereof.

9.　　The **NYPD**, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the **NYPD** is responsible for the policies, practices and customs of the **NYPD** as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10.　　Each and all of acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant THE CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant THE CITY OF NEW YORK.

12.     Each defendant officer is being sued in both their individual and official capacities.

13.     That this action is commenced within three (3) years from when said action arose.

## STATEMENT OF FACTS

14.     On May 29, 2013 at  approximately 1:30 a.m. near and in the vicinity of  67th Road and Queens Boulevard,  County of Queens, the plaintiff was a passenger in  a Ford Explorer.

15.     The driver of said vehicle dropped a passenger off who went into a CVS store, and thereafter the vehicle was legally parked some distance from said store.

16.     Prior to said stop at CVS said vehicle was driven in a safe manner and was not violating any vehicle and traffic laws.

17.     That soon thereafter, the car was seized and police ordered plaintiff out of said vehicle; the car was searched.

18.     The plaintiff was told to accompany officer to the precinct, to answer some questions, before entering the patrol car plaintiff was handcuffed.

19.     The plaintiff was placed under arrest for possession of a weapon.

20.     Said pilum knife was not in plain view.

21.     Said pilum knife was neither possessed by plaintiff nor in her possession.

22.     Upon information and belief said pilum knife was obviously not operable.

23.     Upon information and belief said alleged weapon pilum knife appeared to be in a cigarette lighter.

24.     That plaintiff was seized and arrested without probable cause.

25.     That the plaintiff was caused to be unlawfully imprisoned for more than 48 hours.

26.     That plaintiff was falsely charged with a violation of PL 265.01.

27.     That defendant officer and other unknown officers failed to intervene to prevent the violations of plaintiff's civil rights from both occurring and continuing to occur.

28.     The plaintiff was seized searched and cuffed all without probable cause.

29.     The defendant officers continued their conspiring by preparing false documents and reports to be presented to both the Court as well as to the Queens District Attorney's office.

30.     That the plaintiff was wholly innocent of all charges.

31.     The plaintiff was granted an ACD, 170.55 on September 19, 2013 and said matter was sealed on

October 11, 2013.

32.     The plaintiff has no prior criminal history.

33.     As a result of the defendants' false arrest and the violation of plaintiff's civil rights the plaintiff was caused to suffer irreparable harm, loss of liberty, loss of employment, economic injury and other injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

34.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

35.     The conduct and actions of Defendants **POLICE OFFICER MICHELLE FELDMAN,** and other unidentified officers under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false arrest, unlawful imprisonment against plaintiff's will and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a)     Plaintiff was deprived of her First Amendment right to speak freely and to petition the government for redress of grievances;

(b)     Plaintiff was deprived of her Fourth Amendment constitutional right to be free from unreasonable seizures of her person;

(c)     Plaintiff was deprived of her Fourteenth Amendment right to liberty, without due process of law;

(d)     Plaintiff was deprived of her Fourteenth Amendment right to equal protection of law;

36.     As a result of the defendant's conduct, plaintiff KAREN EADDY was deprived of liberty, sustained emotional and physical injury, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS FOR A SECOND CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

37.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

38.     The Defendant officers' issued legal process to place plaintiff under arrest and file false charges.

39.     Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

40.     The Defendant officers' acted with intent to do harm to plaintiff without excuse or justification.

41.     The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

42.     As a result of Defendant's conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**NYS CONSTITUTIONAL VIOLATIONS**

43.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

44.     Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of her rights, privileges and immunities:

(a)     Plaintiff was deprived of her rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and  9 of the Constitution of the State of New York;

(b)     Plaintiff was deprived of her rights to be free unreasonable seizures of her person; in violation of § 12 of the Constitution of the State of New York;

(c)     Plaintiff was deprived of her rights to be free from the use of excessive or unreasonable force in the course of an unlawful seizure,  in violation of § 12 of the Constitution of the State of New York;

(d)     Plaintiff was deprived of her rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

45.     As a result of the defendants' conduct, **KAREN EADDY** was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,
### FAILURE TO INTERVENE

46.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

47.     Each and every individual defendant officer(s) had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

48.     The individual defendant officer(s) failed to intervene on plaintiff **KAREN EADDY's** behalf to prevent the violation of her constitutional rights despite having a realistic opportunity to do so.

49.     As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and she was subjected to false charges, unlawful imprisonment, and excessive and unlawful force.

**WHEREFORE**, the plaintiff demands judgment:

A.     Compensatory damages in the amount of ONE MILLION  ($1,000,000) DOLLARS;

B.     Punitive damages in the amount of ONE  MILLION ($1,000,000) DOLLARS;

C.     The convening and empanelling of a jury to consider the merits of the claims herein;

D.     Costs and interest and attorney's fees;

E.     Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
        June 18, 2014

Yours, etc.,

*Edward Zaloba*

EDWARD ZALOBA, Esq.
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000